No. 17,346.

J. F. ABRAHAMSON *v*. WOODROW WILSON AND
E. LOUISE WILSON.
(284 P. [2d] 662)

Decided May 31, 1955.   Rehearing denied June 27, 1955.

Mr. R. T. Thomas, for plaintiff in error.

Messrs. Foard, Foard & McCarty, for defendants in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

We will herein refer to the parties as they appeared in the trial court, where plaintiff in error was plaintiff and defendants in error were defendants.

In the complaint filed by plaintiff he sought a decree of specific performance upon an option granted to him by defendants for the purchase of real estate in El Paso county, Colorado. The case was tried to the court; judgment was entered in favor of defendants; and plaintiff, seeking reversal of the judgment, brings the case to this Court for review by writ of error.

The pertinent facts giving rise to the controversy are as follows: April 11, 1953, defendants executed an instrument which contained the following:

"For good and valuable consideration we and each of us as sellers grant to J. F. Abrahamson, buyer, an option to purchase the following described real estate situated in El Paso County, Colorado, to-wit:

(The description of the property is set forth.)

"It is understood by us that the buyer is attempting to have this property rezoned for business purposes and in view of this the time of this option shall be twenty days from the time said property is rezoned or within ninety days from date, whichever is shorter.

"The total purchase price is $9,000.00, of which $6500.00 GRM
$4,700.00 is to be paid when the option is exercised and

the balance within one year with interest at 5 per cent per year.

"Sellers are to tender Abstract of Title showing clear title in themselves upon demand of buyer after property has been rezoned or if it is not so rezoned and this option is exercised, then upon ten days notice from buyer. After buyer gives notice of intention to exercise this option, sellers will tender good and sufficient Warranty Deed and the Abstract of Title and give buyer a reasonable time to examine same.

"This agreement is binding upon the heirs and assigns of the parties. This 11th day of April, 1953."

Plaintiff undertook to secure a rezoning of the premises and the Board of County Commissioners, on May 4, 1953, adopted a resolution, the purpose of which was to rezone the property in question. The minutes of this meeting of the Board were not transcribed until May 6, 1953, and were not filed for record until May 21, 1953. May 26, plaintiff called defendant Woodrow Wilson on the phone, at which time he was informed by Wilson that the option had expired and that he no longer intended to be bound by the provisions thereof. On the following day, May 27, plaintiff made a tender of $6,-500.00 in cash, and made formal demand for performance on the part of defendants. The tender was refused. If we accept May 4, 1953, as the date on which the rezoning of the property was consummated, more than twenty days had elapsed before the tender of the cash and demand for the deed. Counsel for plaintiff contends that, under the circumstances disclosed by the record, he was not required to offer the cash and demand the deed within that period of time.

It is clear from the record in this case that after the property was rezoned through the efforts of plaintiff, defendants were looking for some means by which any rights under the option might be deemed terminated. The testimony on behalf of defendants on the question as to whether plaintiff sought delivery of an abstract for

examination is most evasive. Grave doubt exists whether any real issue was taken with the testimony of plaintiff and another witness that demand for an abstract was made upon defendants within the twenty-day period of time. It is clear that no abstract was offered by defendants, although it is admitted by them that conversations were had with reference thereto, in which they stated the abstract was at a bank in Colorado Springs and that they preferred to go down "on Saturday" and get it.

Counsel for plaintiff argues, in seeking reversal of the judgment, that under the fourth paragraph of the option, the following interpretation should be given:

(1) "If the property was rezoned, (plaintiff could) demand an abstract of title and look at same without being bound to pay any of the purchase money at that time.

(2) "That if the property was not rezoned and the buyer wished to exercise the option without looking at the abstract or being tendered a deed then this was to be his (plaintiff's) privilege and the sellers were to give him an abstract within ten days thereafter (at their expense) and that finally if the buyer chose under a separate and last paragraph, he could;

(3) "simply give oral notice of his intention to exercise and he then would be entitled to a warranty deed and an abstract of title without demanding it."

With reference to the third above-quoted interpretation for which plaintiff's counsel contends, we quote the following pertinent testimony of defendant Woodrow Wilson, who admittedly acted with full authority from his codefendant:

"Q. Mr. Wilson, isn't it a fact that from the first time you ever talked to Mr. Abrahamson he told you if this property was rezoned or wasn't rezoned, he was going to exercise this option? He may not have exercised it according to your theory but he told you he intended to; didn't he? A. Mr. Abrahamson claimed it all depended upon his rezoning of this property. Q. And if he rezoned

it he was going to exercise it; is that right? A. If he didn't, he wouldn't. Q. So if it was rezoned he would. Now, didn't you tell him on April 19 when he asked you if he could put that sign up there, 'Go ahead and do anything you want to with it. It is your property now?' A. I think I did.

\* \*. \*

"MR THOMAS: I understood you to say back there —I might be wrong—in this previous examination that there on April 19 when you were putting up that sign that you admitted you told Abrahamson he could do anything he wanted to with the property, which you explained later. Now at that time also didn't he tell you he intended to exercise the option and that was the reason for you telling him to go on and do anything he wanted to with it then? I am not saying he exercised it. I am saying he intended to exercise it. THE WITNESS: I think he did say he intended to. MR. THOMAS: Okay. That's all I wanted to know. That is what I thought he said. \* \* \* Q. (by Mr. Thomas) Now, isn't it a fact that you knew Mr. Abrahamson intended to exercise the option and he told you that on several occasions? —two or three, anyway. Isn't that a fact? A. (There was no response.) Q. Are you saying yes? The reporter can't put it down unless you speak up. A. Yeah, I know. I understand that. Ask that question again. Q. I just said, isn't it a fact that you and Mr. Abrahamson both knew that if the property was rezoned for business he wanted to exercise his option? I am not saying he exercised it; he intended to exercise it. He told you that on a couple of occasions? A. Yes, he told me that."

Although other matters are argued at some length in the briefs, the above is sufficient to present the issue which we believe controls the determination to be made of this case.

### Question to be Determined.

*Upon the undisputed testimony in this case, must we hold that plaintiff had given timely "notice of intention*

*to exercise this option," and that under the express terms of the option defendants were obliged to tender an abstract of title and warranty deed and permit a reasonable time to elapse thereafter for title examination before attempting to cut off plaintiff's rights under the option?*

■ The question is answered in the affirmative. It will be noted that the instrument which defendants signed does not define the particular acts to be performed to constitute an exercise of the option to buy. It does provide that $6500.00 of the purchase price is to be paid "when the option is exercised." It also provides that an abstract of title is to be tendered by defendants on demand of plaintiff *after the property has been rezoned,* and an abstract and deed must be tendered by defendants whether or not a demand is made therefor, in the event that the "buyer gives notice of intention to exercise this option." It would be unreasonable for us to construe this instrument to mean that the purchaser should pay the sum of $6500.00 to the sellers before an opportunity had been afforded to examine the abstract of title to the property involved.

■ We think that the evidence in this case, without dispute, establishes that plaintiff gave notice of intention to exercise the option prior to the date on which the zoning resolution was adopted by the Board of County Commissioners, and that defendants could not thereafter terminate the option without tendering an abstract of title and warranty deed to the premises, and permitting a reasonable time to elapse thereafter for examination of the title. This conclusion disposes of the entire controversy and necessitates reversal of the judgment of the trial court.

The judgment is reversed and the cause remanded with directions to enter a decree in compliance with the prayer of plaintiff's complaint.